24-1148-cv
*Peterkin v. Carr*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of November, two thousand twenty-five.

Present:

> JOHN M. WALKER, JR.,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

MEURIS PETERKIN,

> *Plaintiff-Appellant,*

v.                                                                                  24-1148-cv

DOUGLAS CARR, JOSE ALBARRACIN,

> *Defendants-Appellees,*

TAMARA WILLIAMS, BRIAN E. JONES,
ILANA GRUEBEL, REBECCA FORT,
JOHN F. UDOCHI

> *Defendants.*

---

For Plaintiff-Appellant:                  Meuris Peterkin, *pro se*, Brooklyn, New York.

For Defendants-Appellees:             Elizabeth I. Freedman (Jamison Davies, *on the*

*brief*), Assistant Corporation Counsel, *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (LaShann DeArcy Hall, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Meuris Peterkin, proceeding *pro se*, appeals from a judgment of the United States District Court for the Eastern District of New York (LaShann DeArcy Hall, *District Judge*), entered on April 1, 2024, granting summary judgment for Defendants-Appellees on Peterkin's claims under 42 U.S.C. § 1983.

This action arises from Peterkin's arrest and detention on October 14 and 15, 2018, following multiple reports to police that Peterkin was harassing and threatening family members. Following his release, Peterkin commenced this action against New York City Police Department ("NYPD") Detective Douglas Carr and Officer Jose Albarracin, as well as others, alleging, among other things, that he was falsely arrested and that, while in custody, he was deprived of food. The district court *sua sponte* dismissed many of Peterkin's claims, but permitted his Fourth Amendment false arrest claim and Fourteenth Amendment deprivation-of-food claim to proceed against Carr and Albarracin. *Peterkin v. Carr,* 20-CV-524 (LDH) (LB), 2020 WL 7186796 (E.D.N.Y. Dec. 7, 2020). Carr and Albarracin subsequently moved for summary judgment on the two remaining claims, which the district court granted, *see Peterkin v. Carr*, 20-CV-524 (LDH) (TAM), 2024 WL 1347516 (E.D.N.Y. Mar. 29, 2024). This appeal followed. We assume the

2

parties' familiarity with the case.[1]

"We review *de novo* a district court's grant of summary judgment after construing all evidence, and drawing all reasonable inferences, in favor of the non-moving party." *Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013).[2] "Summary judgment is appropriate only when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "[W]e liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).

The district court correctly granted summary judgment for Carr and Albarracin. First, we agree that these defendants were entitled to summary judgment on Peterkin's false arrest claim. False arrest claims under § 1983 are governed by the law of the state in which the arrest occurred. *Alberty v. Hunter*, 144 F.4th 408, 414–15 (2d Cir. 2025). "To establish a false arrest claim under New York law, a plaintiff must adequately allege (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Carruthers v. Colton*, 153 F.4th 169, 179 (2d Cir. 2025). However, probable cause to arrest the plaintiff for *any* crime is a complete defense, "whether or not that particular crime was closely related to the offense the officers said was the reason for arrest." *Kee v. City of New York*, 12 F.4th 150, 158–59 (2d Cir. 2021).

---

[1] On appeal, Peterkin does not address the district court's *sua sponte* dismissal of many of his claims. He has therefore abandoned his appeal of this dismissal. *See Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021).

[2] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

Here, there was probable cause for Peterkin's arrest. Probable cause exists when a law enforcement officer "has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014). And "[m]ore specifically, probable cause exists if a law enforcement officer received information from some person, normally the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity." *Id.* NYPD reports and Carr's affidavit reflected that Sadier Emmanus, Peterkin's cousin-in-law, twice complained to police about alleged incidents involving Peterkin threatening, following, and harassing her. Emmanus also submitted a signed statement about these incidents prior to Peterkin's arrest. There was no evidence suggesting that the circumstances raised doubt as to Emmanus's veracity. Emmanus's complaints thus established probable cause to arrest Peterkin for at least menacing in the second degree under New York law, which requires that the person "repeatedly follows a person or engages in a course of conduct or repeatedly commits acts over a period of time intentionally placing or attempting to place another person in reasonable fear of physical injury, serious physical injury or death." N.Y. Penal L. § 120.14(2).

Carr and Albarracin were also entitled to summary judgment on Peterkin's deprivation-of-food claim. "A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment . . . ." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). "[A] pretrial detainee must satisfy two prongs to prove a claim, an objective prong showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process, and a subjective prong . . . showing that the officer acted with at least deliberate indifference to the challenged conditions." *Id.* "[T]o establish

4

an objective deprivation, the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health, which includes the risk of serious damage to physical and mental soundness." *Id.* at 30.

Here, Peterkin failed to show either that he suffered harm from the complained-of deprivation, or that the defendants acted with deliberate indifference to the conditions of his confinement. Notably, Peterkin acknowledged that he never requested food during the 19 hours and 20 minutes that he was in custody. Nor was there record evidence suggesting that Peterkin was experiencing apparent symptoms related to a lack of food. Further, Carr attested that he last interacted with Peterkin approximately four hours after his arrest, and the evidence did not reflect that Albarracin was involved at all in Peterkin's detention.

We have considered Peterkin's remaining arguments and find them unpersuasive. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

5